IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tereso Monvoy, et al.,           :

    Plaintiffs,              :

  v.                               :        Case No. 2:09-CV-072

Continental Airlines, Inc.,      :        JUDGE GRAHAM

    Defendant.               :

**OPINION AND ORDER**

Plaintiffs Tereso Monvoy and Remedios Martinez brought suit in state court claiming that, through negligence, Defendant Continental Airlines ("Continental") proximately caused them to suffer permanent physical injuries, pain and suffering, and emotional distress. Continental removed the case to this Court on diversity of citizenship grounds. The current matter is before the Court on Plaintiffs' Motion For Remand To State Court filed pursuant to 28 U.S.C. § 1446 filed on February 9, 2009. For the reasons that follow, the Court **DENIES** Plaintiffs' motion.

**I. Background**

Mr. Monvoy and Ms. Martinez purchased tickets for a Continental flight in 2007 from Brownsville, Texas to Columbus Ohio. They claim that Continental, a corporation whose principal place of business is located in Texas, breached an agreement to provide them with language and wheelchair assistance. As a proximate result of Continental's failure to provide assistance, Mr. Monvoy and Ms. Martinez allege permanent physical injuries; pain and suffering and attendant emotional distress; and past and future hospital and medical expenses.

Their complaint alleges both a tort claim based on negligence and a claim for breach of contract.  As relief, the complaint requests compensatory damages in excess of $25,000 and "other damages to which [the plaintiffs] may be entitled, including their costs and interest herein, pre-judgment interest ... and ... such other and further relief as may be necessary and proper."  (Complaint at 5).

On January 13, 2009, Continental filed its notice of removal  On January 30, 2009, Mr. Monvoy and Ms. Martinez presented to Continental an updated and itemized settlement demand, asking for $23,600.00.

On February 9, 2009, they moved to remand the case to state court pursuant to 28 U.S.C. §1447(c), contending that the $75,000 amount in controversy requirement, found in 28 U.S.C.(a), has not been satisfied and that the Court lacks subject matter jurisdiction.

## II.  Standard of Review

Federal courts are not courts of general jurisdiction and are bound by the power authorized by Article III of the Constitution and the statutes enacted by Congress.  Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); Ohio ex. rel. Skaggs v. Brunner, 549 F.3d 468, 474 (6th Cir. 2008). Title 28 U.S.C. § 1441(a) provides that "any civil action brought in state court which the district courts have original jurisdiction may be removed by the defendant. . .to the district court of the United States for the district embracing the place where such action is pending."  Federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and cost, and is between … citizens of different states." 28 U.S.C. § 1332(a).

Further, where a plaintiff's complaint does not facially claim damages exceeding $75,000, the defendant seeking removal has a duty to present to the Court that it is more likely than not that the plaintiff's claims exceed the amount in controversy requirement. Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006); Rogers v. Wal-Mart Stores, Inc., 230 F.3d, 868, 871 (6th Cir. 2000). In other words, courts should consider "whether it is 'facially apparent' from the complaint that the damages are 'likely above' the jurisdictional amount in controversy." Rotschi v. State Farm, 114 F.3d 1188, 1997 WL 259352 at *4 (6th Cir. 1997). The Court's jurisdiction is determined at the time of removal, and subsequent events, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached. Williamson v. Aetna Life Insurance Co., 481 F.3d 369, 375 (6th Cir. 2007) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 293 (1938)); Rogers, 230 F.3d at 872.

The party seeking removal bears the burden of proving that the district court possesses jurisdiction. Williamson, 481 F.3d at 375 (citations omitted). Further, parties opposing removal may move to remand the case to state court "[i]f at any time before final judgment it is determined that the district court lacks subject matter jurisdiction...." 28 U.S.C § 1447(c).

### III. Discussion

Plaintiffs argue that the Court should grant their motion to

remand because the amount in controversy required for federal diversity jurisdiction has not been satisfied.  However, Continental argues that diversity jurisdiction is established because "it is facially apparent that plaintiffs' damages, if proven, are likely above" $75,000.  The Court agrees.

Continental identifies three damage components in count one of the complaint, including (1) permanent physical injury; (2) great pain and emotional suffering; and (3) past and future medical expenses.  Moreover, in addition to these three components, the complaint prays for "all compensatory damages available under Ohio law."  Under Ohio law, plaintiffs who suffer physical injuries are entitled not only to the three categories of damages specifically described in the complaint, but also compensation for disability, disfigurement, and loss of enjoyment of life.  Combining the amount on the face of the complaint and other relief available under Ohio law, Continental asserts that the requisite amount in controversy is sufficient to meet the requirement of diversity jurisdiction.

In their motion, Mr. Monvoy and Ms. Martinez argue that their settlement demand of $23,600 should control.  However, in Kovacs v. Chelsey, 406 F.3d 393(6th Cir. 2005), the Court of Appeals held that "[m]ost courts have found a legal certainty that more than the jurisdictional amount could not be recovered only where the applicable state law barred the type of damages sought by the plaintiff." Id. at 396 (citations omitted).  In Rotschi v. State Farm, 114 F.3d 1188, 1997 WL 259352 (6th Cir. 1997), the Court of Appeals held that courts should consider "whether it is 'facially apparent' from the complaint that the

4

damages are 'likely above' the jurisdictional amount in controversy." Id., at *4. (citations omitted). Thus, the size of plaintiffs' settlement demand is clearly not dispositive of the jurisdictional issue.

The Court concludes that Continental has the better argument. As it notes, the complaint asks for damages exceeding $25,000 on each of the two claims for relief. It identifies both plaintiffs as having suffered permanent physical injuries. After removal, although plaintiffs made a settlement demand of less than $25,000, that demand showed that plaintiffs' economic damages exceeded $5,000 and that both were treated for physical injuries. Plaintiffs also asked Continental to stipulate that the value of their claims exceeded $75,000. Taken together, the Court believes that Continental has sustained its burden of showing that the jurisdictional amount in controversy requirement has likely been satisfied. Thus, remand is inappropriate.

## IV. Conclusion

Based upon the Court's examination of the complaint at the time it was filed, the Court holds it was more likely than not that Mr. Monvoy and Ms. Martinez's claims exceed the amount in controversy requirement. Therefore, this Court possesses subject matter jurisdiction on the basis of diversity of citizenship.

For all of the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Remand to State Court filed on February 9, 2009.

IT IS SO ORDERED.

Date: June 12, 2009                    /s/ James L. Graham
                                       James L. Graham
                                       United States District Judge